[L. A. No. 25668. In Bank. July 8, 1960.]

FORSTER SHIPBUILDING COMPANY, INC. (a Corporation) et al., Appellants, v. COUNTY OF LOS ANGELES et al., Respondents.

452

Holbrook, Tarr & O'Neill, W. Sumner Holbrook, Jr., Francis H. O'Neill, O'Melveny & Myers, George F. Elmendorf, Bennett W. Priest, Lillick, Geary, McHose, Roethke & Myers, John C. McHose, John F. O'Hara, Luce, Forward, Hamilton & Scripps, James O. Hewitt, Ralph D. Sweeney, Howard H. Taylor, J. Kerwin Rooney, Port Attorney (Oakland), and Robert G. Cockins, City Attorney (Santa Monica), for Appellants.

Harold W. Kennedy, County Counsel, and Alfred Charles DeFlon, Deputy County Counsel, for Respondents.

Stanley Mosk, Attorney General, James E. Sabine and Dan Kauffmann, Assistant Attorneys General, and Ernest P. Goodman, Deputy Attorney General, as Amici Curiae on behalf of Respondents.

TRAYNOR, J.—This appeal tests the constitutionality of section 107.1 of the Revenue and Taxation Code, which prescribes methods for evaluating the possessory interests of lessees of tax-exempt property. *L. W. Blinn Lbr. Co.* v. *County of Los Angeles,* 216 Cal. 474 [14 P.2d 512], held that when such interests are evaluated by the capitalization of income method, deductions should be made from gross income for rentals to become due under the lease and for amortization of the cost of improvements by the lessee that would revert to the lessor. *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546 [290 P.2d 544], overruled the Blinn case and held that under the capitalization of income method there can be no deductions for rental or amortization. Private lessees of government property under leases made prior to the De Luz decision complained that it was inequitable to apply the De Luz rule to them, since their rentals were fixed on the assumption that the rental value of the property would not be taxed. Apparently in response to such complaints the Legislature in 1957 adopted section 107.1 of the Revenue and Taxation Code, which provides:

"A possessory interest, when arising out of a lease of exempt property, consists of the lessee's interest under such lease and is hereby declared to be personal property within the meaning of Section 14 of Article XIII of the Constitution of the State of California.

"The full cash value of such possessory interest is the excess,

if any, of the value of the lease on the open market, as determined by the formula contained in the case of *De Luz Homes, Inc.* v. *County of San Diego* (1955), 45 Cal.2d 546 [290 P.2d 544], over the present worth of the rentals under said lease for the unexpired term thereof.

"A possessory interest taxable under the provisions of this section shall be assessed to the lessee on the same basis or percentage of valuation employed as to other tangible property on the same roll.

"This section applies only to possessory interests created prior to the date on which the decision of the California Supreme Court in *De Luz Homes, Inc.* v. *County of San Diego* (1955), 45 Cal.2d 546 [290 P.2d 544], became final. It does not, however, apply to any of such interests created prior to that date that thereafter have been, or may hereafter be, extended or renewed, irrespective of whether the renewal or extension is provided for in the instrument creating the interest.

"This section does not apply to leasehold estates for the production of gas, petroleum and other hydrocarbon substances from beneath the surface of the earth, and other rights relating to such substances which constitute incorporeal hereditaments or profits a prendre."

Plaintiffs are lessees of certain lands and improvements owned by the city of Los Angeles and located within its boundaries. Their leases were made prior to the date on which our decision in the De Luz case became final and were not extended or renewed thereafter. Nonetheless the assessor of Los Angeles County assessed their leasehold interests without deducting the present worth of rentals for the unexpired terms, on the ground that section 107.1 is void because inconsistent with section 1 of article XIII and section 12 of article XI of the California Constitution.

Plaintiffs appeared before the Los Angeles County Board of Equalization and applied for reduction of their assessments by such amounts as would result from the deduction of rentals pursuant to section 107.1. Upon denial of their application they paid under protest the taxes levied for 1958 and instituted the present suit to recover the disputed amounts. The trial court found that section 107.1 is unconstitutional and entered judgment for the defendants.

Section 1 of article XIII of the California Constitution provides: "All property in the State except as otherwise in this Constitution provided . . . shall be taxed in proportion

to its value, to be ascertained as provided by law. . . ." Section 12 of article XI provides: "All property subject to taxation shall be assessed for taxation at its full cash value." Plaintiffs contend that the foregoing provisions are not applicable to leasehold interests in tax-exempt property. They rely on the first paragraph of section 107.1, which declares that such interests are "personal property" within the meaning of section 14 of article XIII. Section 14 provides:

"The Legislature shall have the power to provide for the assessment, levy and collection of taxes upon all forms of tangible personal property, all notes, debentures, shares of capital stock, bonds, solvent credits, deeds of trust, mortgages, and any legal or equitable interest therein, not exempt from taxation under the provisions of this Constitution, in such manner, and at such rates, as may be provided by law, and in pursuance of the exercise of such power the Legislature, two-thirds of all of the members elected to each of the two houses voting in favor thereof, may classify any and all kinds of personal property for the purposes of assessment and taxation in a manner and at a rate or rates in proportion to value different from any other property in this State subject to taxation and may exempt entirely from taxation any or all forms, types or classes of personal property."

Plaintiffs contend that section 107.1 simply exercises the Legislature's power to classify "personal property" for the purposes of assessment and taxation in a manner and at a rate or rates different from other taxable property.

██ Leasehold interests in tax-exempt land, however, are not "personal property" within the meaning of section 14 of article XIII. The relevant paragraph of section 14 was added to the California Constitution in 1933. At that time section 3617 of the Political Code provided: "The term 'personal property' includes everything which is the subject of ownership not included within the meaning of the term 'real estate' or 'improvements.' " The same section provided: "The term 'real estate' includes: 1. The possession of, claim to, ownership of, or right to the possession of land. . . ." ██ Possessory interests in land had been legislatively defined as "real estate" or "real property" for purposes of taxation since 1872 and are still so defined today. (Rev. & Tax. Code, §§ 104, 106.) This court prior to 1933 had specifically recognized that possessory interests in tax-exempt land are real property for purposes of taxation. (*San Pedro etc. R.R. Co. v. City of Los Angeles,* 180 Cal. 18, 20-21 [179 P. 393]; see

*Bakersfield etc. Co.* v. *Kern County,* 144 Cal. 148, 152-153 [77 P. 892].) Thus at the time section 14 of article XIII was adopted possessory interests in land, including leasehold interests in tax-exempt land, had long been expressly classified by both statute and judicial decision as real property for purposes of taxation. ■ Terms used in a constitutional amendment "must be construed in the light of their meaning at the time of the adoption of the amendment, and cannot be extended by legislative definition, for such extension would, in effect, be an amendment of the constitution, if accepted as authoritative." (*Pacific G. & E. Co.* v. *Industrial Acc. Com.,* 180 Cal. 497, 500 [181 P. 788].)

■ The interpretation given to the term "personal property" as used in section 9a of article XIII supports the conclusion that possessory interests in land are real property for purposes of taxation. That section originally read: "The taxes levied upon personal property for any current tax year where the same is not secured by real estate shall be based. . . ." In 1936 the section was amended to read: "The taxes levied for any current tax year upon personal property *and assessments upon possession of, claim to, or right to the possession of land and upon taxable improvements located on land exempt from taxation,* which are not a lien upon land sufficient in value to secure their payment, shall be based. . . ." (Italics added.) The insertion of the new phrases indicates a change in the law (*Hyatt* v. *Allen,* 54 Cal. 353, 356; *Hammond* v. *McDonald,* 49 Cal.App.2d 671, 681 [122 P.2d 332]) and suggests that the newly specified interests were not within the purview of "personal property" as used in the original provision. Moreover, the argument submitted to the voters in favor of the amendment stated that it would "simplify the collection of taxes on these property rights *which the law says are real property* but which are not land. . . ." (Italics added.) As used in section 9a of article XIII, therefore, the term "personal property" does not include possessory interests in land. The same term has the same meaning in section 14 of article XIII, since the two sections are *in pari materia.*

Textual analysis of section 14 suggests the same result. ■ The Legislature is authorized to classify personal property "in pursuance of the exercise of" its power to provide for the assessment, levy, and collection of taxes upon all forms of tangible personal property, certain specified types of intangibles, and any legal or equitable interest therein. It cannot be assumed that the provision authorizing classification was

intended to be broader in scope than the power that it was designed to implement. (*Roehm* v. *County of Orange,* 32 Cal. 2d 280, 285 [196 P.2d 550].) ██ Since leasehold interests in tax-exempt land are not tangible personal property, a specified type of intangible, or legal or equitable interests therein, they are not within the power of classification set forth in section 14.

██ Moreover, we have held that intangibles other than those specified in the first clause of section 14 are immune from taxation. (*Roehm* v. *County of Orange,* 32 Cal.2d 280, 285 [196 P.2d 550].) If leasehold interests in tax-exempt land were "personal property," as the first paragraph of section 107.1 purports to declare, they would apparently be intangibles other than those specified in section 14 and consequently the remaining paragraphs of section 107.1 would be void. Thus deference to the legislative interpretation of the term "personal property," even if otherwise justifiable, would only defeat the broader legislative purpose to tax leasehold interests in tax-exempt land.

██ For the foregoing reasons we hold that leasehold interests in tax-exempt land are not "personal property" within the meaning of section 14 of article XIII and that the first paragraph of section 107.1 of the Revenue and Taxation Code is invalid. The elimination of that paragraph, however, in no way disturbs the scheme of taxation set forth in the remaining paragraphs of section 107.1. Even though not a classification of "personal property," the remaining paragraphs must be sustained if they can be reconciled with the provisions of section 1 of article XIII and section 12 of article XI on some other grounds. (See *People* v. *McCaughan,* 49 Cal.2d 409, 416 [317 P.2d 974]; *Danskin* v. *San Diego Unified Sch. Dist.,* 28 Cal.2d 536, 554-555 [171 P.2d 885]; *People* v. *Lewis,* 13 Cal.2d 280, 284 [89 P.2d 388].)

██ Plaintiffs contend that the remaining paragraphs of section 107.1 do not violate the constitutional requirements that all property be assessed and taxed "at its full cash value" and "in proportion to its value," but merely prescribe a method of determining the "full cash value" and "value" of a unique type of property. This method of determining value was held improper in the De Luz case, but plaintiffs maintain that that case was based upon a construction of "full cash value" as used in the applicable statutes rather than in the Constitution. We do not, however, reach the question of whether De Luz declared a statutory or a constitutional rule.

Under section 107.1 substantial differences in the valuation of possessory interests in tax-exempt property turn solely on whether or not the interest was created, extended, or renewed after the De Luz decision. In making this distinction the Legislature rested squarely, though mistakenly, on its power to classify "personal property." There is no suggestion of a legislative finding that the distinction reflects actual differences in the value of the interests involved, and no such finding could reasonably be made. The section therefore cannot be sustained as a legislative interpretation of "full cash value" and "value." (See *Eisley* v. *Mohan*, 31 Cal. 2d 637, 645 [192 P.2d 5].)

Section 107.1 partially reinstates the rule of the Blinn case as the method for assessing and taxing interests created in reliance on that rule, while preserving the rule of the De Luz case for all other interests. ▆▆▆▆ The sole purpose of the section is to mitigate the economic burdens imposed on lessees of tax-exempt property when this court overruled the Blinn case. The basic issues presented, therefore, are whether the Legislature has the power to depart from assessment and taxation at full cash value and in proportion to value by prescribing temporary application of a principle once approved by this court, in order to mitigate hardships caused by our subsequent rejection of that principle, and, if so, whether section 107.1 is a proper exercise of the power.

In recent years much attention has been given to the problem of mitigating the hardships caused by an overruling of established law. (See e.g., Freeman, *Retroactive Operation of an Overruling Decision*, 18 Columb.L.Rev. 230; Kocourek & Koven, *Stare Decisis*, 29 Ill.L.Rev. 971; von Moschzisker, *Stare Decisis in Courts of Last Resort*, 37 Harv.L.Rev. 409; Snyder, *Retrospective Operation of Overruling Decisions*, 35 Ill.L.Rev. 121; Spruill, *The Effect of an Overruling Decision*, 18 N.C.L. Rev. 199; 13 Mont.L.Rev. 74.) ▆▆▆▆ Under traditional theory an overruled decision is considered not to have established bad law, but to have merely misstated the law. The overruling decision is deemed to state what the law was from the beginning, and is therefore generally given retroactive effect. (*County of Los Angeles* v. *Faus*, 48 Cal.2d 672, 680-681 [312 P.2d 680].) In most jurisdictions, however, courts have established exceptions to the general rule of retroactivity to protect those who acted in reliance on the overruled decision. (See 21 C.J.S. § 194, pp. 326-330, and cases there cited.) The Supreme Court of the United States has held that the United

States Constitution does not compel retroactive application of overruling decisions. "A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions . . . whenever injustice or hardship will thereby be averted." (*Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co.*, 287 U.S. 358, 364 [53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254].) State courts have generally found state constitutions equally permissive and have frequently stated that the decision whether to apply an overruling decision retroactively or prospectively only turns on considerations of fairness and public policy. (E.g., *Arizona State Tax Commission* v. *Ensign,* 75 Ariz. 220 [254 P.2d 1029] and 75 Ariz. 376 [257 P.2d 392]; *State* v. *O'Neil,* 147 Iowa 513, 517-518 [126 N.W. 454, 455, Ann.Cas. 1912B 691, 33 L.R.A. N.S. 788]; *People* ex rel. *Rice* v. *Graves,* 242 App.Div. 128 [273 N.Y.S. 582, 587], aff'd. 270 N.Y. 498 [200 N.E. 288], cert. denied, 298 U.S. 683 [56 S.Ct. 953, 80 L.Ed. 1403]; see *Menges* v. *Dentler,* 33 Pa. 495, 500 [75 Am.Dec. 616]; Snyder, *Retrospective Operation of Overruling Decisions,* 35 Ill.L.Rev. 121, 140, and cases there cited.)

 We have hitherto recognized that the California Constitution permits an appellate court to apply an overruling decision prospectively only, even though it thereby temporarily preserves and applies a mistaken interpretation of the Constitution. (*County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 681 [312 P.2d 680].) The constitutional requirements of assessment and taxation at full cash value and in proportion to value are no less flexible in this respect than other constitutional provisions. Neither provision precludes the temporary and limited application of a rule once approved by this court, if reasonably designed to mitigate hardships caused by our subsequent rejection of the rule. Such temporary application of the rule of an overruled case may be prescribed by appropriate legislation as well as by judicial decision, for the Legislature is no less competent than the court to evaluate the hardships involved and decide whether considerations of fairness and public policy warrant the granting of relief.

 Section 107.1 is not an unreasonable exercise of the Legislature's power to mitigate hardships caused by the overruling of established law. Rentals in leases of tax-exempt property created before the De Luz case were fixed at a level competitive with rentals of private property on the assumption

that the rental value of the possessory interest would not be taxed. The De Luz case imposed an unexpected tax burden on the lessees that their governmental lessors refused to mitigate by reducing rentals, on the ground that such reductions would constitute unconstitutional gifts of public funds. (See Cal. Const., art. IV, § 31; *Texas Co.* v. *County of Los Angeles,* 52 Cal.2d 55, 66 [338 P.2d 440]; *Conlin* v. *Board of Supervisors,* 99 Cal. 17, 21-22 [33 P. 753, 37 Am.St.Rep. 17, 21 L.R.A. 474]; *County of Alameda* v. *Chambers,* 35 Cal.App. 537, 545 [170 P. 650].) The lessees were therefore required to pay both rentals equivalent to rentals of private property and taxes to which lessees of private property are not subject because the full value of private property is taxed to the lessor. Since adjustments in rentals can be made in leases created, extended, or renewed after the De Luz case, such leases are properly excluded from the operation of the section. The departure from assessment and taxation at full cash value and in proportion to value is therefore no broader than the hardship to be remedied. It is clearly not the type of discriminatory taxation that section 1 of article XIII and section 12 of article XI were designed to prevent.

Nothing in *Texas Co.* v. *County of Los Angeles,* 52 Cal.2d 55, 64-65 [338 P.2d 440], is inconsistent with the views expressed herein. In that case we considered merely the applicability of the judicially developed rule set forth in *County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 681 [312 P.2d 680]. Neither the Faus rule nor our opinion in the Texas Company case reflects constitutional limitations on when the type of relief provided by section 107.1 may be given.

We hold, therefore, that the last four paragraphs of section 107.1 are valid and that plaintiffs are entitled to recover the excess of the taxes paid under protest over the amounts that would have been levied if the assessor had complied with section 107.1.

The judgment is reversed and, pursuant to stipulation by counsel, the trial court is directed to remand the case to the Los Angeles County Board of Equalization for hearing upon the matter of assessing plaintiffs' possessory interests according to the terms of section 107.1 of the Revenue and Taxation Code.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.