[Civ. No. 30496. Fourth Dist., Div. Three. Aug. 30, 1983.]

KAWASAKI MOTORS CORPORATION, U.S.A.,
Plaintiff and Respondent, v.
COUNTY OF ORANGE et al., Defendants and Appellants.

COUNSEL

Adrian Kuyper, County Counsel, and Daniel J. Didier, Deputy County Counsel, for Defendants and Appellants.

Mandel, Kavaller & Manpearl and Gerald T. Manpearl for Plaintiff and Respondent.

OPINION

**WALLIN, J.**—Defendant County of Orange appeals from a summary judgment in favor of plaintiff Kawasaki Motors Corporation, USA. The pertinent facts are drawn from an agreed statement.

FACTS

Kawasaki brought this action to recover ad valorem property taxes on inventory imported into California during 1977 and 1978 for nationwide distribution. Before 1978 the goods were exempt from local taxation under Revenue and Taxation Code section 225 et seq. Kawasaki's exemption claims under section 225 for the 1977 and 1978 tax years were allowed by the county.

In 1978 the Second District Court of Appeal held the section 225 exemption violated the commerce clause of the United States Constitution (art. I, § 8, cl. 3). (*Zee Toys, Inc.* v. *County of Los Angeles* (1978) 85 Cal.App.3d 763 [149 Cal.Rptr. 750].) The court found section 225 impermissibly discriminated between interstate and foreign commerce. (*Id.*, at pp. 774-777.) Following *Zee Toys*, the county levied escaped assessments against Kawasaki of $7,423.51 and $8,937.79 for the 1977 and 1978 tax years respectively.

After *Zee Toys* the Legislature, in order to avert any undue hardship flowing from retroactive application, enacted Revenue and Taxation Code section 225.3. The statute provides: ". . . no escaped assessments shall be made with respect to personal property which qualified for, and received, the transshipment exemption pursuant to Sections 225 and 253.10 for tax years prior to the 1979-1980 tax year." The court below granted Kawasaki's motion for summary judgment under section 225.3, in effect voiding the county's escaped assessments for the 1977 and 1978 tax years.

## Discussion

The decisive issues are whether the Legislature may limit the retroactive application of *Zee Toys* by enacting section 225.3 and whether section 225.3 violates the commerce clause of the United States Constitution. Kawasaki questions the county's standing to challenge the constitutionality of section 225.3 and argues *Zee Toys* was incorrectly decided. We conclude the Legislature is authorized to limit the retroactive application of *Zee Toys* and that the limitation does not offend the commerce clause. Therefore, we need not address the standing and *Zee Toys* issues raised by Kawasaki.

### I.

■ As a general rule a decision of a court overruling a prior decision or invalidating a statute will be given full retroactive effect. (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 400 [134 Cal.Rptr. 206, 556 P.2d 306].) However, there are exceptions to the general rule of retroactivity to protect those who acted in reliance on the overruled law. The United States Supreme Court has held a state may make a choice for itself between the principles of forward operation and relation back on the grounds of equity and fairness. The federal Constitution does not compel retroactive application of overruling decisions. (*England* v. *Medical Examiners* (1964) 375 U.S. 411, 422 [11 L.Ed.2d 440, 448, 84 S.Ct. 461]; *Gr. Northern Ry.* v. *Sunburst Co.* (1932) 287 U.S. 358, 364-365 [77 L.Ed. 360, 366-367, 53 S.Ct. 145, 85 A.L.R. 254].) Furthermore, the California Constitution permits an appellate court to restrict retroactive application in the interest of fairness and equity, even though prospective application of the new decision temporarily preserves a mistaken rule of law. (*Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 800 [87 Cal.Rptr. 839, 471 P.2d 487]; *Forster Shipbldg. Co.* v. *County of L. A.* (1960) 54 Cal.2d 450, 459 [6 Cal.Rptr. 24, 353 P.2d 736].)

■ The California Legislature is also competent to define the retroactive scope of an overruling decision. (*County of Los Angeles* v. *Superior Court* (1965) 62 Cal.2d 839, 845 [44 Cal.Rptr. 796, 402 P.2d 868].) *Schettler* v. *County of Santa Clara* (1977) 74 Cal.App.3d 990 [141 Cal.Rptr. 731], is directly on point. In *Schettler* the court upheld the Legislature's power to limit the retroactive application of the United States Supreme Court decision in *Michelin Tire Corp.* v. *Wages* (1976) 423 U.S. 276 [46 L.Ed.2d 495, 96 S.Ct. 535]. The effect was to bar escaped assessments for tax years prior to the decision in *Michelin* which were still open under the statute of limitations.

The similarities between *Schettler* and the case at bar are obvious. In both cases the Legislature limited retroactive application of a constitutional tax

decision and set out in detail the policy reasons served by the limitation. In both cases the Legislature found importers relied upon the prior exemption and could not have reasonably foreseen the change of law. Further in both cases the Legislature found retroactive application would cause many importers to become insolvent, relocate or go out of business and the resulting decline of the import business would cause further deterioration of the labor market in California. Based upon the foregoing considerations, in both cases the Legislature declared retroactive application would be manifestly unfair, would cause severe economic hardship, inequities and injustices and would run counter to public policy. Therefore, in both cases the Legislature limited retroactive application of the new rule by prohibiting escaped assessments on property which qualified for and received an exemption in prior tax years.

Defendants' attempts to distinguish *Schettler* are unpersuasive. It makes no difference that the overturned rule in *Schettler* was a judicial decision while the overturned rule in this case was a statute. Defendants' distinction based upon the constitutional character of the overruling decision is equally without merit.

The Legislature has determined as a matter of equity and public policy that *Zee Toys* may not be applied to any assessments prior to the 1979-1980 assessment year. ■ Courts should give due weight and deference to legislative judgment. And when the findings of the Legislature have a reasonable basis, the question of what constitutes a legitimate public policy is largely one for the Legislature which may not be disturbed by the reviewing court. (*Schettler* v. *County of Santa Clara, supra,* 74 Cal.App.3d at p. 999.) It follows section 225.3 is valid *if* the statute is not subject to challenge on constitutional or other grounds.

## II.

■ The county contends section 225.3 is unconstitutional because it violates the commerce clause of the United States Constitution. We disagree.

■ The United States Supreme Court stated in *Pike* v. *Bruce Church, Inc.* (1970) 397 U.S. 137, 142 [25 L.Ed.2d 174, 178, 90 S.Ct. 844] that: "Although the criteria for determining the validity of state statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative

local benefits. [Citation.] If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.''

In expanding the *Pike* v. *Bruce Church* rule, the Supreme Court in *Hughes* v. *Oklahoma* (1979) 441 U.S. 322, 336 [60 L.Ed.2d 250, 262, 99 S.Ct. 1727] observed: ''Under that general rule, we must inquire (1) whether the challenged statute regulates evenhandedly with only 'incidental' effects on interstate commerce, or discriminates against interstate commerce either on its face or in practical effect; (2) whether the statute serves a legitimate local purpose; and, if so, (3) whether alternative means could promote this local purpose as well without discriminating against interstate commerce.''

■■■ Assuming arguendo section 225.3 places some burden on interstate commerce, we believe the statute serves a legitimate local purpose which cannot feasibly be achieved by alternative means. The legislative findings accompanying the statute show the purpose of the statute is to prevent businesses from becoming insolvent or ceasing operations due to justifiable reliance on the exemption. The state has a valid interest in preventing local businesses from becoming insolvent or ceasing operations. *Pike* v. *Bruce Church, Inc., supra,* 397 U.S. 137, 143 [25 L.Ed.2d 174, 179] noted: ''[W]e have recognized the legitimate interest of a State in maximizing the financial return to an industry within it.'' Preventing insolvencies and economic dislocation to its businesses and workers is as legitimate a state interest as maximizing financial return to its industries.

The only conceivable nondiscriminatory alternative to section 225.3 would be to void the whole tax for the years in question and refund all taxes collected. This would impose an enormous burden on the county out of all proportion to any purported discriminatory effect on interstate commerce. This is not a feasible alternative. Therefore, even assuming that section 225.3 burdens interstate commerce in some degree, the statute does not violate the commerce clause.

The statute codifies the Legislature's determination that the county should be estopped to collect escaped assessments from businesses, like Kawasaki, who were granted an exemption under section 225 and who justifiably relied on that exemption when making pricing and other decisions. The county will not be prejudiced by the prohibition against collecting escaped assessments for the years in question because they did not initially rely on those assessments. The equities favor the taxpayer, not the taxing authorities.

The judgment is affirmed.

Trotter, P. J., and Sonenshine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 16, 1983.