Filed 12/6/13  Elyaszadeh v. RREF WB Acquisitions CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| SHAHRAM ELYASZADEH et al., | B243477 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. BC468648) |
| v. | |
| RREF WB ACQUISITIONS, LLC, | |
| Cross-defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Reversed and remanded.

Kaplan, Kanegos & Kadin, David Scott Kadin and Leslie McAfee for Cross-complainants and Appellants.

Greenberg Traurig LLP, Howard J. Steinberg and Nicholas A. Insogna for Cross-defendant and Respondent.

_____

Cross-complainants and appellants Shahram Elyaszadeh, Elko Mall, LLC, and Malibu Ocean View Villas, LLC, appeal from a judgment of dismissal following an order sustaining a demurrer without leave to amend in favor of cross-defendant and respondent RREF WB Acquisitions, LLC, in this action arising out of loan guarantees. Appellants contend their amended cross-complaint states a cause of action for fraud, based on the Supreme Court's recent decision in *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169 (*Riverisland*). We conclude the principles expressed in *Riverisland* apply retroactively. Therefore, we reverse and remand for further proceedings.

## FACTS[1]

Elyaszadeh owns property in Van Nuys, California. He is also the managing member of Elko LLC, which owns real property in Elko, Nevada, and of Malibu LLC, which owns real property in Malibu, California.

On August 22, 2007, Wilshire State Bank agreed to loan $4.3 million to Malibu LLC for the development of four ocean view homes. The loan was secured by a deed of trust on the Malibu property. Elyaszadeh also executed a guaranty.

In June 2009, prior to the date that the loan was due, Elyaszadeh negotiated an extension and construction financing with the Bank's chief financial officer, Joanne Kim. Kim, as well as Dan Young, a construction loan department representative, and other loan officers and loan processors, told Elyaszadeh that the Bank would extend the due date and provide construction financing of at least $4.6 million in exchange for additional collateral. In reliance on the Bank's representations that it would provide construction financing, Elyaszadeh provided a second deed of trust on the Elko property for $4.3 million, a deed of trust on the property in Van Nuys, and another guaranty.

---

[1] In accordance with the standard of review on appeal, we state the material facts properly pleaded in the complaint as true. (*McAllister v. Los Angeles Unified School District* (2013) 216 Cal.App.4th 1198, 1206-1207.)

2

At the same time, the Bank provided a loan of $3 million to Elko LLC, secured by a first deed of trust on the Elko property. Kim presented Elyaszadeh with a "Notice of Final Agreement," dated June 22, 2009. Kim told Elyaszadeh that the Bank would make the construction loan. She said the loan documents, including the notice of final agreement, reflected that the Bank would make the construction loan. In reliance on her representations, Elyaszadeh signed the deeds of trust, guarantees, loan documents, and notice of final agreement. As part of the agreement, the Bank agreed to hold $300,000 in interest reserves.

The representations made on behalf of the Bank were false. The Bank did not intend to provide construction financing and refused to provide construction financing. The Bank took the interest reserves and commenced foreclosure proceedings on the Elko and Malibu properties. On June 27, 2011, the Bank assigned its interest in the loans, guarantees, and deeds of trust to RREF.

## PROCEDURAL BACKGROUND

In August 2011, RREF filed a complaint against Elyaszadeh to recover on the guarantees. In October 2011, Elyaszadeh, Elko LLC, and Malibu LLC filed a cross-complaint against RREF and the Bank. In December 2011, they filed an amended cross-complaint. In addition to the facts above, they alleged that they were fraudulently induced to enter the transactions. If they had known the Bank did not intend to provide construction financing, they would not have provided additional collateral as security. The amended cross-complaint alleged that RREF assumed the Bank's liabilities related to the loans as follows: "Cross-Complainants are informed and believe, and on those grounds allege, that Cross-Defendant RREF is an assignee and/or successor-in-interest of the Bank in connection with the transactions involving the Bank which are alleged in this Cross-Complaint, including, but not limited to, the deeds of trust which are the subject of the within action and that Defendant RREF assumed, either contractually and/or by operation of law, the obligations of the Bank to Plaintiff which are alleged in the within

3

action, and that RREF is liable for the acts and/or omissions alleged in this action." The amended cross-complaint similarly alleged the Bank assigned its rights and obligations in the deeds of trust on the Malibu and Elko properties to RREF in June 2011, as well as the guarantees, and based on information and belief, RREF assumed the liabilities of the Bank when it acquired its interest in the Malibu loan.

The amended cross-complaint asserted causes of action against RREF for declaratory relief, to set aside a fraudulent transfer, for cancellation of deeds of trust, and for injunctive relief to prevent foreclosure of the three properties at issue.

On January 25, 2012, RREF filed a demurrer to the amended cross-complaint on the ground that all of the causes of action were barred by the parol evidence rule. The extrinsic promise to provide construction financing directly contradicted the express terms of the agreements saying the Bank had not made any collateral promises. RREF noted the parol evidence rule applies to fraud claims. RREF argued the causes of action for declaratory relief, cancellation of documents, and to enjoin foreclosure were remedies and not separate causes of action. In addition, Elyaszadeh had not alleged any representations were made on behalf of RREF. RREF asserted it could not be held vicariously liable for representations of the Bank, because the purchaser of a mortgage is not liable for a loan originator's fraudulent misrepresentation. With respect to the cause of action for fraudulent transfer, RREF argued that Elyaszadeh received valuable consideration, as shown by the allegations of the cross-complaint, and only creditors can assert claims for fraudulent transfers.

Elyaszadeh, Elko LLC, and Malibu LLC opposed the demurrer on the ground that the amended cross-complaint stated a cause of action for fraud in the inducement, which was an exception to the parol evidence rule. They argued that by accepting the benefits of the loan, RREF accepted the obligations.

RREF filed a reply. A hearing was held on February 22, 2012. The trial court found the parol evidence rule barred the causes of action in the amended cross-complaint, which were based on fraudulent promises in direct conflict with the written terms of the agreements. The court sustained the demurrer without leave to amend. On June 15,

4

2012, the court entered a judgment of dismissal in favor of RREF. Elyaszadeh, Elko LLC, and Malibu LLC filed a timely notice of appeal.

In January 2013, the Supreme Court issued *Riverisland,* reaffirming that evidence of a fraudulent promise which contradicts the terms of a written agreement is admissible under the fraud exception to the parol evidence rule, and expressly overruling *Bank of America etc. Assn. v. Pendergrass* (1935) 4 Cal.2d 258 (*Pendergrass*). (*Riverisland*, *supra*, 55 Cal.4th at p. 1172.)

## DISCUSSION

### Standard of Review

"'On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]' [Citation.]" (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206.)

### Fraud

On appeal, Elyaszadeh, Elko LLC, and Malibu LLC contend the amended cross-complaint states causes of action against RREF based on fraud. We agree.

5

The elements of fraud are:  (a)  a misrepresentation (false representation, concealment, or nondisclosure), (b)  with knowledge of falsity, (c)  the intent to defraud, (d)  justifiable reliance, and (e)  resulting damage.  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)  "Every element of the fraud cause of action must be pleaded specifically, and the policy of liberal construction of the pleadings will not sustain a defective pleading.  [Citation.]"  (*Thrifty Payless, Inc. v. The Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230, 1239 (*Thrifty Payless*).)  "'"Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact."'  [Citation.]"  (*Ibid*.)  "A defrauded party may elect to stand on the contract and recover damages, or rescind the contract.  [Citation.]"  (*Id*. at pp. 1239-1240.)

"The parol evidence [rule] provides that an integrated written agreement may not be varied by extrinsic evidence to alter or add to the terms of the writing.  [Citation.]"  (*Thrifty Payless, supra*, 218 Cal.App.4th at p. 1240.)  However, an established exception to the parol evidence rule, set forth in Code of Civil Procedure section 1856, allows a party to present extrinsic evidence to show that the agreement was procured by fraud.  (Code Civ. Proc., § 1856, subds. (f) & (g); *Riverisland, supra,* 55 Cal.4th at pp. 1174-1175.)  Code of Civil Procedure section 1856, subdivision (f), provides a broad exception to the parol evidence rule for evidence relevant to the validity of the agreement, while Code of Civil Procedure section 1856, subdivision (g), expressly allows evidence of fraud.  (*Riverisland, supra,* at pp. 1174-1175.)

"*Riverisland* reaffirmed that '"[i]t was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud."'  (*Riverisland,* [*supra,* 55 Cal.4th] at p. 1182.)"  (*Thrifty Payless, supra*, 218 Cal.App.4th at p. 1240.)  *Pendergrass* had held that representations inconsistent with the provisions of the written contract are inadmissible.  The *Riverisland* court concluded that the decision in *Pendergrass* was not supported by the plain language of Code of Civil Procedure section 1856 and "failed to account for the fundamental principle that fraud undermines the essential validity of the parties' agreement.  When fraud is proven, it cannot be maintained that the parties freely

6

entered into an agreement reflecting a meeting of the minds." (*Riverisland, supra,* at p. 1182.) "Thus, characterizing *Pendergrass* as 'an aberration,' that 'finds no support in the language of the statute codifying the parol evidence rule and the exception for evidence of fraud,' the Supreme Court overruled *Pendergrass.* (*Riverisland,* at pp. 1172, 1182.)" (*Thrifty Payless, supra*, at p. 1240.)

"As a general rule a decision of a court overruling a prior decision or invalidating a statute will be given full retroactive effect. [Citation.] However, there are exceptions to the general rule of retroactivity to protect those who acted in reliance on the overruled law. The United States Supreme Court has held a state may make a choice for itself between the principles of forward operation and relation back on the grounds of equity and fairness. The federal Constitution does not compel retroactive application of overruling decisions. [Citations.] Furthermore, the California Constitution permits an appellate court to restrict retroactive application in the interest of fairness and equity, even though prospective application of the new decision temporarily preserves a mistaken rule of law. [Citations.]" (*Kawasaki Motors Corp. v. County of Orange* (1983) 146 Cal.App.3d 780, 783.)

In this case, the amended cross-complaint alleged causes of action for cancellation of the written documents and declaratory relief as a result of the fraudulent representations of Bank employees, which Elyaszadeh and his companies relied upon, and for which RREF became liable by way of assignment. However, the trial court found that the amended cross-complaint failed to state any cause of action based on the parol evidence rule and the decision in *Pendergrass*. We conclude the holding of *Riverisland* is entitled to full retroactive effect. As explained in *Riverisland*, Code of Civil Procedure section 1856 at all times provided an exception to the parol evidence rule for evidence of fraud. RREF has not shown that the contracting parties relied on the erroneous rule in *Pendergrass* that evidence of fraudulent promises would not be admissible to contradict the terms of the written agreement. Fairness and equity require retroactive application of *Riverisland* to prevent use of the parol evidence rule as a shield for fraudulent conduct.

7

We conclude the general rule of retrospective application of court decisions applies in this case.

RREF contends the trial court's ruling should be affirmed on alternative grounds raised in the demurrer which the trial court did not reach, including whether the amended cross-complaint sufficiently alleged that RREF was liable for the Bank's representations. Given the change in the law represented by *Riverisland*, and the possibility of further amendment of the complaint in light of its holding, this is not an appropriate case to rule on alternative grounds not addressed in the trial court. We remand for further proceedings. (See *Giraldo v. California Dept. of Corrections and Rehabilitation* (2008) 168 Cal.App.4th 231, 252.)

## DISPOSITION

The judgment and the order sustaining the demurrer are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. Appellants Shahram Elyaszadeh, Elko Mall, LLC, and Malibu Ocean View Villas, LLC, are awarded their costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

8