[Civ. No. 48897. Second Dist., Div. One. Dec. 27, 1976.]

AMERICAN AIRLINES, INC., et al., Plaintiffs and Respondents, v. COUNTY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

John H. Larson, County Counsel, and Lawrence B. Launer, Deputy County Counsel, for Defendants and Appellants.

Norman B. Barker, John L. Endicott, Peter L. Baumbusch, and Gibson, Dunn & Crutcher for Plaintiffs and Respondents.

**OPINION**

**LILLIE, J.**—In two actions, consolidated for trial, 10 airline companies sought refund of property taxes paid on their respective leasehold interests at Los Angeles International Airport (LAX). ■ The principal point of contention, and the only matter considered by the trial court,

is whether the Los Angeles County Assessor could properly assess the possessory interests of the airlines upon the "reasonably anticipated term of possession" of the leased property as provided in State Board of Equalization rule 23 (Cal. Admin. Code, tit. 18, rule 23),[1] instead of on the basis of the remaining terms of their leases.

Each airline leases at LAX various parcels of real property generally described as passenger terminal facilities. The leases, far from uniform in content, were entered into separately by each airline, as lessee, and the City of Los Angeles, a tax-exempt entity (Rev. & Tax. Code, § 202), as lessor. Many of the leases were entered into in 1962 and 1963 for 28-year terms, the period required to enable the department of airports to recover its capital investment for the remodeling of the airport facilities completed about that time. None of the leases contains any option to renew, and the airlines assert that there are no understandings or agreements relating to renewal.

Although rule 23 was promulgated in 1971, until 1973 the assessor assessed the possessory interests of each airline in its leases by capitalizing the annual fair market rental rate of the leases over the actual remaining terms thereof. In 1973, instead of using the 18-year[2] remaining term of the leases, the assessor based his assessments upon a 25-year period which in his opinion was the "reasonably anticipated term of possession" of the leased property. The airlines appealed the 1973 assessments to the assessment appeals board. A hearing was held

---

[1]Rule 23 provides:

"(a) When a written instrument creating a possessory interest specifies a period of occupancy which is to exist, the stated period shall be taken as the term of possession for purposes of valuation except as provided in this section. An option period shall be considered part of the stated period if it is reasonable to conclude that the option will be exercised.

"(b) Should a period thus determined be in conflict with the reasonably anticipated term of possession by the possessor and any successor to or assignee of the property interest, the reasonably anticipated term of possession, whether shorter or longer, shall be used instead of the stated period. In determining the reasonably anticipated term of possession, the assessor shall be guided by the intent of the public owner and the possessor, as indicated by such evidence as (1) sale prices of the subject or similar possessory interests, (2) the history of the property's use, (3) the policy of the public agency administering the lands, and (4) the actions of the possessor. No reduction or increase of the specified period shall be based on the life expectancy of the possessor if it is reasonably anticipated that possession will continue under his successors or assigns.

"(c) When there is no stated term of possession, the term shall be determined in accordance with subsection (b)."

[2]The leases expire at slightly different times, none later than 1991. For convenience, we have followed the lead of the parties in referring collectively to the remaining terms of the leases at the time of the tax assessments.

at which there was introduced rather lengthy testimony concerning LAX, its history and future, changes already underway and to be expected, the changes in the operations of the airlines and the airline industry. While reducing the assessments on grounds not relevant herein, the board upheld the assessor's use of a 25-year term of possession. The airlines thereupon filed the first action in this case.

In 1974, events followed the same pattern—the assessor based his assessments upon a 24-year term of possession notwithstanding that the remaining term of the leases was 17 years. Inasmuch as the factual background of the dispute was essentially the same, the parties agreed that the factual record made before the board in 1973 would be submitted to the assessment appeals board in connection with the 1974 assessments. Following argument, the board (a panel different from that rendering the earlier decision) ruled in favor of the airlines,[3] granting the requested reductions in the assessments. Pursuant to an understanding with the airlines, payment of the ordered refunds was withheld, and they filed the second action in this case.

The two actions were consolidated for trial before Judge Stillwell. The only evidence offered was the record in each case before the board. The cause was briefed and argued. Judge Stillwell concluded that the course adopted by the assessor "is an unlawful and unconstitutional application of Rule 23 of the Administrative Code." Not having been obliged to consider the factual record before it in order to resolve the legal issue, the court made no findings of fact. Defendants appeal from judgment for refund for 1973 and 1974 taxes paid by the airlines.

Rule 23 unquestionably sanctions the assessment of taxes based upon the "reasonably anticipated term of possession" of a possessory interest where the creating lease itself limits possession to a shorter term, thus it is the validity of the rule as applied to these plaintiffs rather than its construction that must be resolved. To dispose of the issue, we refer to the statutory provisions which rule 23 implements.

All property in this state is taxable if not exempt under federal or state law. (Rev. & Tax. Code, § 201.) " 'Property' includes all matters and things, real, personal, and mixed, capable of private ownership." (Rev. & Tax. Code, § 103.) Rule 23, of tit. 18 of the California Administrative Code,

---

[3]The decision was based on the board's determination as a factual matter that the reasonably anticipated term of possession of the leased property was the term of the leases, rather than on the legal issue raised by the airlines.

promulgated by the State Board of Equalization under authority granted in Government Code section 15606, determines the manner in which one kind of property, namely possessory interests, shall be assessed. " 'Possessory interests' means the following: (a) Possession of, claim to, or right to the possession of land or improvements, except when coupled with ownership of the land or improvements in the same person. (b) Taxable improvements on tax-exempt land." (Rev. & Tax. Code, § 107.) A possessory interest in real property is itself real property. (*Forster Shipbldg. Co.* v. *County of L.A.,* 54 Cal.2d 450, 455 [6 Cal.Rptr. 24, 353 P.2d 736]; *San Pedro etc. R.R. Co.* v. *City of Los Angeles,* 180 Cal. 18, 20-21 [179 P. 393].)

Undeniably the leaseholds of the airlines are possessory interests in the tax-exempt property of defendant city and as such are properly taxable as real property. ■■■ However, the obvious question remains—what do the airlines have following termination of their leases that the assessor purported to assess?

Appellants correctly cite California cases for the proposition that in making an assessment of a possessory interest created by a lease containing an option for renewal, the assessor can valuate the possessory interest based on a term which includes the period of the option. But these cases leave no doubt as to what it is that is being taxed—in *El Tejon Cattle Co.* v. *County of San Diego,* 64 Cal.2d 428 [50 Cal.Rptr. 546, 413 P.2d 146], the assessor considered the term of plaintiff's lease of tax-exempt land for grazing purposes for a 5-year period with options for two additional 5-year periods, to be 15 years, the period for which plaintiff had the "right to use the land" (64 Cal.2d at p. 430); similarly in *County of Riverside* v. *Palm-Ramon Development Co.,* 63 Cal.2d 534 [47 Cal.Rptr. 377, 407 P.2d 289], the lessee held a lease for 25 years with an option for another 25 years, construed as "the right to retain the property" for 50 years. (63 Cal.2d at p. 540.)

Undoubtedly these cases were correctly decided. The right to the possession of land, represented by the options to renew the leases, is defined in Revenue and Taxation Code section 107 as a possessory interest. The airlines, however, have no such right following expiration of the terms of their leases. Appellants suggest that in reality the airlines have "de facto options" to renew the leases, but the airlines insist that there are no understandings or agreements providing for renewal, and appellants, who are in the best position to refute this assertion, have not

tried to do so.[4] In that case it seems that appellants are simply attempting to appeal to some expectation that, airlines being airlines and needing the use of an airport, and airports being airports and having their patronage now, of necessity the two will get together somehow.[5] Of course this unsupported expectation fails to take into account the many changes which will occur in the airline industry in general, and at LAX in particular during the next decade and a half. We know of no authority which would permit taxation based on such a premise.[6] Its arbitrariness is patent even to appellants who say in their opening brief: "It is clear that the major airlines carriers, including all the respondents in this action, are going to remain at LAX for at least twenty-five years (25) to fifty (50) years.," then "The Assessor has concluded only that they will be there for a minimum of 5 years longer" [than the terms of the leases].[7]

Appellants cite several cases to support the notion that the assessor must necessarily indulge in prophecy in order accurately to value

[4]Robert Davidson, First Deputy General Manager of Los Angeles Department of Airports, who was responsible for real estate operations at LAX testified that there were no understandings, agreements, negotiations or discussions between any of the airlines and LAX relating to extension of the leases; and that the department of airports had not at the time formed any intention as to whether or not the leases would be renewed.

[5]This is underscored by the testimony of Mr. Brennan, deputy county assessor. When asked about the notation "25-C" on certain of the work sheets used in making the 1973 assessments, he explained that this meant the possessory term was being computed on a *constant* 25-year term or possession. Later, a representative of the assessor's office explained that the 25-year constant term of possession would not be used.

[6]Reference has been made to certain condemnation cases wherein the method of valuing condemned property was at issue, more particularly the question whether the value of the lessee's interest should include the expectation of renewal of his lease. The airlines urge *United States* v. *Petty Motor Co.* (1946) 327 U.S. 372 [90 L.Ed. 729, 66 S.Ct. 596] while appellants contend for *Almota Farmers Elevator & Whse. Co.* v. *U. S.* (1973) 409 U.S. 470 [35 L.Ed.2d 1, 93 S.Ct. 791]. Such cases are of little real help considering that eminent domain proceedings are sui generis. However, to the extent that they are of assistance the balance appears to tilt in favor of the airlines, see *Almota* at page 476 [35 L.Ed.2d at p. 9]: "The Court [in *Petty Motor*] did indicate that the measure of damages for the condemnation of a leasehold is to be measured in terms of the value of its use and occupancy for the remainder of the lease term, and the Court refused to elevate an expectation of renewal into a compensable legal interest. But the Court was not dealing there with the fair market value of improvements. Unlike *Petty Motor*, there is no question here of creating a legally cognizable value where none existed, or of compensating a mere incorporeal expectation. The petitioner here has constructed the improvements and seeks only their fair market value." (Fn. omitted.)

[7]*Clayton* v. *County of Los Angeles,* 26 Cal.App.3d 390 [102 Cal.Rptr. 687] holds that in determining the "full cash value" of a taxable fee interest the assessor should take into account the "economic rental" of the property rather than the lesser actual rental income under a "bad lease" of the property. Appellants assert that the assessor in the instant case analogously used the concept of an "economic term" in valuing the possessory interests of the airlines. However, *Clayton* neither employs nor endorses any such concept, and the reasoning of the case lends no support to the assessor's action here.

possessory interests. These cases, *Kaiser Co.* v. *Reid,* 30 Cal.2d 610 [184 P.2d 879], *Board of Supervisors* v. *Archer,* 18 Cal.App.3d 717 [96 Cal.Rptr. 379], *McCaslin* v. *DeCamp,* 248 Cal.App.2d 13 [56 Cal.Rptr. 42], and *Rand Corp.* v. *County of Los Angeles,* 241 Cal.App.2d 585 [50 Cal.Rptr. 698], involved leases terminable by the lessor either at will or upon the happening of some contingency. However, the real point of these cases is not whether such interests were taxable, but how to valuate a defeasible interest. Were the airlines' leases for a term of 25 years terminable by the city after 20 years, this would be a different case. See *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546, 574 [290 P.2d 544]. The question here is not how to assess an interest undeniably held by the airlines, but whether they can be taxed on something they do not have, namely possessory interests extending beyond the terms of their leases.

Appellants attempt to demonstrate the consequences of disapproving rule 23 as applied herein with this illustration—"Let us assume that a tract of land which is owned by a public agency is typically leased for a term of thirty (30) years to certain private non-exempt parties. Further assume that the tract upon expiration of the lease is for only one (1) year with the understanding or the expectation that the lease can be renewed for the next twenty-nine (29) years, at one year intervals, since it would be in the interest of both parties. If the Assessor should consequently be restricted to using a term of one year in valuing the lessee's interest the result would be to allow the valuable interest of the lessee to escape taxation for all practical purposes." This illustration fails in its purpose for several reasons. It is completely fatuous to imagine that a tax-exempt lessor will agree to a leasing scheme of such a form as to deprive itself of the tax revenues from which it would benefit if the leased property were assessed at its full value. Similarly, lessees who, like the airlines, must make considerable financial investments in the leased premises are unlikely to risk those investments on the strength of their belief that short-term leases will be extended long enough to amortize the investments, just to avoid taxes. Of course, if the two parties do reach an "understanding" as to renewal, the option cases would seem to govern. And if the "expectation" of the parties is based on statute (see *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546, 574 [290 P.2d 544]) or contract or indeed has any real substance at all, something in the nature of a defeasible interest would seem to arise and the termination cases would be relevant. But again, there is no indication here that the airlines have anything more than their leases and, perhaps, the hope[8] that

---

[8]Appellants believe they demonstrated the airlines' intention to renew the leases. The airlines deny any such intention, and considering the conflicting findings of the 1973 and

renewal of the leases will be possible and that conditions will remain such as to make renewal desirable.

The State Board of Equalization is granted the authority to "Prescribe rules and regulations to govern . . . assessors when assessing." (Gov. Code, § 15606, subd. (c).)[9] But an administrative rule in conflict with an act of the Legislature is void. (See *Daley* v. *State Dept. of Social Welfare,* 276 Cal.App.2d 801, 805 [81 Cal.Rptr. 318].) As indicated by the foregoing discussion, we have determined that in this case the airlines have no possessory interests in the leased premises following expiration of the terms of the leases, that is, no possession, claim or right thereto, as required by Revenue and Taxation Code section 107. Nor does it appear, however one describes the airlines' relation to the leased property at the end of their leases, as hope or expectation of future use, that it is "capable of private ownership" as property must be. (Rev. & Tax. Code, § 103.) Accordingly, insofar as rule 23 permits the challenged method of assessment here, we declare the same to be invalid.[10]

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.

---

1974 Assessment Appeals Board, it is obvious reasonable minds may differ. The point is, however, that whether hope or intention, the airlines have no claim or right to the leased property after 1991.

[9]This general authority was refined by a 1972 amendment to section 15606 adding subdivision (g) "Prescribe rules and regulations to govern . . . assessors when assessing with respect to the assessment . . . of possessory interests."

[10]Our disposition of the matter on the stated grounds renders unnecessary a discussion of the numerous additional questions raised by the airlines.