Filed 11/18/24  P. v. Washington CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT WAYNE WASHINGTON,<br><br>    Defendant and Appellant. | F087125<br><br>(Super. Ct. No. BF113970A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Robert Wayne Washington appeals from a November 3, 2023 order granting in part and denying in part his petition for resentencing pursuant to Penal Code[1] section 1172.75. In a supplemental brief, he makes two primary contentions. First, his indeterminate sentence under the Three Strikes Law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) cannot lawfully be imposed. Second, defense counsel rendered ineffective assistance. For the reasons set forth below, we affirm the order.

### FACTUAL AND PROCEDURAL HISTORY

On March 13, 2006, M.S. was in his apartment when he heard a knock at the door. He opened the door and encountered defendant, who held a gun to his side and said, " 'What's up now?' " M.S. ended up on the ground. Meanwhile, M.S.'s neighbor J.D. witnessed the commotion and intervened. Defendant pointed the gun at J.D.'s forehead and exclaimed, " 'Get your ass back inside or I'll kill you!' " J.D. returned to his apartment and defendant fled the scene in a vehicle.

In an information filed April 5, 2006, defendant was charged with two counts of assault with a semiautomatic pistol (§ 245, subd. (b) [counts 1 & 4]), residential burglary (§ 460, subd. (a) [count 2]), and criminal threats (§ 422 [count 3]). The information further alleged: (1) as to count 1, he personally inflicted great bodily injury on M.S. (§ 12022.7); (2) as to all counts, he personally used a firearm (§ 12022.5, subd. (a)); (3) as to all counts, he was previously convicted of three "strike" offenses under the Three Strikes Law, i.e., burglary of the first degree twice (§ 460, subd. (a)) and assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, former subd. (a)(1)); (4) as to all counts, he was previously convicted of a serious felony—i.e., burglary of the first degree—on two occasions (§ 667, subd. (a)); and (5) as to all counts, he previously served four separate prison terms (§ 667.5, former subd. (b)).

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

On June 7, 2006, the jury found defendant guilty of the lesser included offense of brandishing a firearm (§ 417, subd. (a)(2)) on count 1, not guilty on count 2, and guilty as charged on counts 3 and 4. In connection with counts 3 and 4, the jury found true the personal firearm use allegation. The next day, in a bifurcated proceeding, the trial court found true the remaining special allegations on counts 3 and 4. At a July 7, 2006 sentencing hearing, the court imposed 32 years to life (§§ 667, subd. (e)(2)(A)(iii), 1170.12, subd. (c)(2)(A)(iii))—plus 10 years for personal firearm use, 10 years for two prior serious felony convictions, and three years for three prior separate prison terms—on count 4 and a concurrent one year on count 1.[2]

On August 25, 2023, defendant filed a "PETITION TO RESENTENCE AND STRIKE LEGALLY INVALID ENHANCEMENT." (Boldface omitted.) Under "Applicable Code Sections," he marked the checkboxes for sections 1170, subdivision (b)(6), 1172.75, 1385, and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. With respect to his indeterminate sentence on count 4, defendant asked the trial court to "dismiss the 3 x 667.5(b), dismiss two of the strike priors, and dismiss 2x 667(a)." At a November 3, 2023 hearing on the petition, the court recalled the sentence. It granted defendant's request to dismiss the prior serious felony conviction and prior separate prison term enhancements and also dismissed the personal firearm use enhancement, but it denied his request to dismiss the prior strike findings. Thereafter, the court imposed 27 years to life (§§ 667, subd. (e)(2)(A)(i), 1170.12, subd. (c)(2)(A)(i)) on count 4 and a concurrent one year on count 1.[3] On November 6, 2023, defendant filed a notice of appeal.

---

[2] Pursuant to section 654, the court imposed but stayed execution of punishment on count 3.

[3] Again, pursuant to section 654, the court imposed but stayed execution of punishment on count 3.

## DISCUSSION

On March 13, 2024, defendant's appellate counsel filed an opening brief that provided a "Statement of the Case" and a "Statement of Facts" (some capitalization omitted); raised no specific issues; and asked us to "independently review the entire record on appeal in these cases for arguable issues" pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief further declared defendant was advised of his right to file a supplemental brief.

In a letter dated March 13, 2024, we invited defendant to submit a supplemental brief within 30 days. Following numerous extensions, defendant filed a supplemental brief on August 14, 2024. As noted, he contends: (1) his indeterminate sentence under the Three Strikes Law cannot lawfully be imposed; and (2) defense counsel rendered ineffective assistance at the November 3, 2023 hearing.

"Because [a] defendant in a *Wende* appeal has a right to file supplemental contentions, the Court of Appeal must consider these contentions in the course of disposing of the cause." (*People v. Kelly* (2006) 40 Cal.4th 106, 110; see *id.* at p. 124 [appellate court "must prepare a written opinion that describes the contentions personally raised by the defendant"].)

## I.    Defendant's claims concerning the Three Strikes Law

Defendant raises various challenges to his indeterminate sentence under the Three Strikes Law, which we address seriatim.

a. *Constitutional arguments*

i. Article I, section 28 of the California Constitution[4]

First, defendant argues the Three Strikes Law is "a clear and unambiguous violation" (capitalization omitted) of article I, section 28, subdivision (f), paragraph (4) of the California Constitution. This paragraph reads:

> "Use of Prior Convictions. Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Cal. Const., art. I, § 28, subd. (f), par. (4).)

According to defendant, the use-of-prior-convictions paragraph "allows prior felony convictions to be used, without limitation, for only two purposes—'impeachment or enhancement of sentence,' " and the Three Strikes Law "cannot reside amongst the listed exceptions to the use of prior felony convictions" because it "is an 'alternative sentencing' scheme" rather than an enhancement."

"When interpreting a provision of our state Constitution, our aim is 'to determine and effectuate the intent of those who enacted the constitutional provision at issue.' [Citation.]" (*Bighorn-Desert View Water Agency v. Verjil* (2006) 39 Cal.4th 205, 212; see *Richmond v. Shasta Community Services Dist.* (2004) 32 Cal.4th 409, 418 (*Richmond*) [" 'The principles of constitutional interpretation are similar to those governing statutory construction.' "].) "To determine that intent, we begin by examining the constitutional text, giving the words their ordinary meanings." (*Richmond*, *supra*, at p. 418.) However, our task " 'is not simply to look up dictionary definitions and then stitch together the results.' " (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114.) The meaning of a constitutional provision "may not be determined from a single word or sentence . . . ."

---

[4] Article I, section 28 of the California Constitution is more commonly known as the "Victims' Bill of Rights." (See *People v. Runyan* (2012) 54 Cal.4th 849, 854, 858.)

(*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)  Instead, "the words must be construed in context" (*ibid.*), i.e., "in the light of the statutory scheme" (*ibid.*), " 'in order to achieve harmony among the parts' " (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1009).

In our view, the language of the use-of-prior-convictions paragraph does not unequivocally support a construction limiting the use of prior convictions for impeachment and sentence enhancements.  First, we do not see explicit terms employed to that effect, e.g., "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation [*only*/*solely*/*exclusively*] for purposes of impeachment or enhancement of sentence in any criminal proceeding."  Second, subdivision (f) indicates the ensuing paragraphs— including the use-of-prior-convictions paragraph—comprise a nonexhaustive list of rights shared between victims of crime and the general public:  "These collectively held rights include, *but are not limited to*, the following . . . ."  (Cal. Const., art. I., § 28, subd. (f), italics added.)  Thus, while the use-of-prior-convictions paragraph identifies two scenarios in which prior felony convictions "shall subsequently be used without limitation," it does not necessarily foreclose other scenarios.  (See *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 799 [" 'The constitution is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' "].)

Moreover, article I, section 28 declares at the outset:

"The rights of victims . . . include broader shared collective rights that are held in common with all the People of the State of California and that are enforceable through the enactment of laws and through good-faith efforts and actions of California's elected, appointed, and publicly employed officials.  These rights encompass the expectation shared with all of the people of California that persons who commit felonious acts causing injury to innocent victims will be appropriately and thoroughly investigated,

> appropriately detained in custody, brought before the courts of California even if arrested outside the State, tried by the courts in a timely manner, sentenced, and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance.
>
> ". . . Victims of crime have a collectively shared right to expect that persons convicted of committing criminal acts are sufficiently punished in both the manner and the length of the sentences imposed by the courts of the State of California. . . ." (Cal. Const., art. I, § 28, subd. (a), pars. (4)–(5).)

A clear objective of article I, section 28 is to promote public safety, which is advanced when—among other things—a convicted felon is "sufficiently punished." The use-of-prior-convictions paragraph expressly contemplates sentence enhancements based on prior convictions, which mete out " ' "a higher penalty than that prescribed for the offenses themselves" ' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101) on account of " ' "the criminal history of the defendant" ' " (*ibid.*). (See *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1057 ["status enhancements"]; see also *People v. Vaile* (1931) 112 Cal.App. 258, 261 ["There is sound reason for the enforcement of added penalties for the perpetration of felonies by habitual criminals."].) Similarly, the Three Strikes Law, which "articulates an alternative sentencing scheme for the current offense rather than an enhancement" (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 527), was " '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" ' " (*People v. Henderson* (2022) 14 Cal.5th 34, 43). (See *People v. Williams* (2004) 34 Cal.4th 397, 405 [Three Strikes Law "generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense"].) An interpretation of the use-of-prior-convictions paragraph that nullifies the Three Strikes Law would contradict and undermine article I, section 28's public safety objective. (See *Richmond*, *supra*, 32 Cal.4th at p. 419 [" 'Courts construe constitutional phrases liberally and practically; where possible they avoid a literalism that effects absurd, arbitrary, or unintended results.' "].)

Taking a different tack, defendant asserts the Three Strikes Law improperly amends article 1, section 28 of the California Constitution. He states:

> "If it can be said that the Three Strikes Law served as an amendment to Article I, Sect. 28 of the Cal. Const., Appellant . . . respectfully contends that such amendment, absent compliance with the strictures of Art. XVIII of the California Constitution, is impermissible, because, '[o]bviously, the Constitution cannot be amended by a statutory enactment. This fundamental rule of constitutional interpretation is stated in Forster Shipbuilding Co. v. County of Los Angeles, 54 Cal.2d 450, at p. 456, as follows: "Terms used in a constitutional amendment 'must be construed in light of their meaning at the time of the adoption of the amendment, and cannot be extended by legislative definition, for such extension would, in effect, be an amendment of the Constitution, if accepted as authoritative.'[" ']"[5] (Underlining omitted.)

We do not accept this characterization of the Three Strikes Law as a constitutional amendment. It neither alters article I, section 28 "by striking out, inserting, or substituting words" (Black's Law Dict. (5th pocket ed. 2016) p. 38, col. 1) nor provides legislative definitions purporting to change the meaning of terms within the section (cf. *Stribling's Nurseries, Inc. v. County of Merced*, *supra*, 232 Cal.App.2d 759 [limited meaning of " 'growing crops' " in Cal. Const., former art. XIII, § 1 ascertained by the state Supreme Court cannot be enlarged by broader definition of " 'growing agricultural crops' " in subsequently enacted former Agr. Code, § 30.3]).

### ii. Bill of attainder clause

Second, defendant suggests the Three Strikes Law violates the federal Constitution's bill of attainder clause because it is a " 'bill of pains and penalties.' " We disagree.

" 'A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains and

---

[5] Defendant quotes a passage from *Stribling's Nurseries, Inc. v. County of Merced* (1965) 232 Cal.App.2d 759, 762, but he fails to provide a proper citation thereto.

penalties.' " (*United States v. Lovett* (1946) 328 U.S. 303, 315; accord, *California State Employees' Assn. v. Flournoy* (1973) 32 Cal.App.3d 219, 224 (*Flournoy*).)  Both the federal and California Constitutions prohibit bills of attainder.  (See U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9; see *Flournoy*, *supra*, at p. 224.)  " 'Within the meaning of the Constitution, bills of attainder include bills of pains and penalties.' " (*United States v. Lovett*, *supra*, at p. 315; accord, *Flournoy*, *supra*, at p. 224.)

A defendant is not subject to the Three Strikes Law's alternative sentencing scheme until (1) his or her guilt of a charged felony is established at trial; and (2) the existence of any prior "strike" offenses is determined at a judicial hearing.  (See §§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e).)  Hence, the Three Strikes Law "bears no just resemblance to a bill of [pains and penalties]." (*French v. Senate* (1905) 146 Cal. 604, 611.)

b.  *Determinate sentencing law (DSL) (§ 1170 et seq.)*

Next, defendant contends the Three Strikes Law "conflicts with the objectives as well as rules of sentencing dictated by the [DSL]"; "cannot be harmonized" with the DSL; "has singlehandedly infused an outright overhaul to the [DSL]"; and "stands as a presumptive repeal of the [DSL]."  He seems to suggest his indeterminate sentence under the Three Strikes Law cannot lawfully be imposed because the former repeals or otherwise conflicts with the latter, but he does not provide authority directly supporting this proposition (see Cal. Rules of Court, rule 8.204(a)(1)(B)) and we are not aware of any such authority.  Assuming, arguendo, the Three Strikes Law does repeal or conflict with the DSL (contra, *People v. Sasser* (2015) 61 Cal.4th 1, 14 ["[T]he DSL and Three Strikes law are intertwined."]), this would not substantiate defendant's claim the Three Strikes Law "cannot stand as an authorized means of sentencing."  "A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case

9.

before it." ' [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276; accord, *In re Damian L.* (2023) 90 Cal.App.5th 357, 369; see *In re William M.* (1970) 3 Cal.3d 16, 23, fn. 14 ["We should, of course, avoid advisory opinions on abstract propositions of law."].)

c. *Right to a jury determination of prior convictions*

Finally, defendant argues the Three Strikes Law violates state and federal law because it "[f]ail[ed] to require a jury to find, beyond a reasonable doubt, that [he] should be sentenced under the elevated Three Strikes sentencing scheme . . . ." (Some capitalization omitted.)

i. Section 1157

With regard to state law, defendant cites section 1157, which reads:

"Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Section 1157 clearly refers to crimes or attempted crimes that can be "distinguished into degrees." (See Black's Law Dict., *supra*, p. 233, col. 2 ["degree of crime" (boldface omitted) defined as "[a] division or classification of a single crime into several grades of guilt, according to the circumstances surrounding the crime's commission, such as aggravating factors present or the type of injury suffered"].) The statute does not apply to the Three Strikes Law, which does not define offenses and separate them into degrees. (Compare §§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e) with §§ 189 [degrees of murder], 212.5 [degrees of robbery], 460 [degrees of burglary], 486 [degrees of theft].)

ii. United States Supreme Court cases

With regard to federal law, defendant relies upon *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *Descamps v. United States* (2013) 570 U.S. 254 (*Descamps*). In *Apprendi*, the United States Supreme Court held:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . 'It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.' [Citations.]" (*Apprendi*, *supra*, 530 U.S. at p. 490.)

In *Descamps*, which concerned the proper interpretation of a federal statute not at issue here, the high court clarified "that when the criminal law imposes added punishment based on findings about the facts underlying a defendant's prior conviction, '[t]he Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt.' " (*People v. Gallardo* (2017) 4 Cal.5th 120, 124 (*Gallardo*), quoting *Descamps*, *supra*, 570 U.S. at p. 269; see *In re Milton* (2022) 13 Cal.5th 893, 901 [*Descamps* "extended the right to have a jury make factual determinations about the nature of a prior conviction that is used to increase punishment"].) "The trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.' " (*Gallardo*, *supra*, at p. 134, quoting *Descamps*, *supra*, at p. 255.)

Defendant "does not challenge a sentencing court's power to determine the existence of a defendant's prior felony convictions." Instead, he "contends that it is a jury, as opposed to legislators or courts, [that is] endowed with the unfettered right to determine whether or not the related facts, pertaining to each individual prior felony conviction and present factors of culpability, warrant a sentencing under the Three Strikes law." Defendant seems to suggest one cannot be sentenced under the Three Strikes Law unless a jury *also* examines the facts underlying the prior strike convictions. Neither *Apprendi* nor *Descamps* stands for this proposition. Rather, they uphold a court's finding "accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove

11.

guilt beyond a reasonable doubt" (*Apprendi*, *supra*, 530 U.S at p. 496), so long as the court did not "try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct" (*Descamps*, *supra*, 570 U.S. at p. 269). Defendant does not allege a court engaged in "judicial factfinding that goes far beyond the recognition of a prior conviction." (*Descamps*, *supra*, at p. 255.) Thus, he cannot show a violation of *Apprendi* and/or *Descamps*.

## II. Defendant's claim of ineffective assistance of counsel

Section 1385, subdivision (c) reads in pertinent part:

"(1) Notwithstanding any other law, the court shall dismiss an enhancement[6] if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. [¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] . . . [¶]

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma. [¶] . . . [¶]

---

**6** "The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.) Therefore, this subdivision does not apply to prior strike findings. (See *People v. Olay* (2023) 98 Cal.App.5th 60, 67; *People v. Burke*, *supra*, at p. 244.)

"(4) The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a).[7]"

Defendant alleges defense counsel rendered ineffective assistance at the November 3, 2023 hearing because her "acts or omissions resulted in the sentencing court being misinformed regarding critical evidence affecting resentencing facts." (Capitalization omitted.) He asserts she "was convinced of [his] significant pre-arrest mental health condition"; "was aware, or should have been aware, of the need to demonstrate that [his] mental health and childhood traumas were factors contributing to the commission of his present offenses"; and "failed to sufficiently present evidence that [his] childhood trauma or mental health condition contributed to the commission."

"In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687–692.)  "To demonstrate deficient performance, defendant bears the burden of showing that counsel's performance ' " ' "fell below an objective standard of reasonableness . . . under prevailing professional norms." ' " ' [Citation.]" (*People v. Mickel, supra*, at p. 198.) "To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Ibid.*)  " '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' "

---

[7] "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."  (§ 1385, subd. (a).)

(*People v. Jacobs* (2013) 220 Cal.App.4th 67, 75–76, quoting *Strickland v. Washington*, *supra*, at p. 697.)

Here, the record demonstrates the trial court—after recalling the original sentence—initially granted defendant's request to dismiss the prior separate prison term enhancements and denied his request to dismiss the prior strike findings.  With respect to the remaining enhancements, the court concluded defendant's offenses were not connected to either mental illness or childhood trauma.  It specified:  (1) "there were no records presented that he had some type of mental health condition prior to the commission of this offense"; and (2) "the only information regarding the defendant's childhood trauma comes from the defendant" and "[t]here were no police reports, medical records, or records or reports by qualified experts for the Court to consider."  Nevertheless, the court dismissed the prior felony conviction enhancements pursuant to section 1385, subdivision (c)(2)(B).  It also dismissed the remaining enhancement for personal firearm use.[8]  Assuming, arguendo, defense counsel failed to present sufficient evidence that defendant's mental illness and/or childhood trauma contributed to the commission of his crimes, there was no prejudice:  notwithstanding the purported error, the court still dismissed the prior serious felony conviction and personal firearm use enhancements on different grounds.[9]

---

[8] The reporter's transcript of the November 3, 2023 hearing suggests the trial court dismissed the personal firearm use enhancement pursuant to section 1385, subdivision (c)(2)(B).  However, this provision authorizes the dismissal of "all enhancements *beyond a single enhancement . . . .*"  (Italics added.)  A proper basis for dismissal is found in the language of section 1385, subdivision (c)(4).

[9] In conjunction with the supplemental brief, defendant filed a "Supplemental Appellate Motion Requesting Court To Make Findings Under Code Of Civ. Proc., Sect. 909" on August 14, 2024.  (Some capitalization omitted.)  In said motion, he asks us to (1) take judicial notice of certain documents defense counsel failed to present at the November 3, 2023 hearing; and (2) make a finding that "[d]ocumentary evidence exists to demonstrate the likelihood that counsel representing Defendant at resentencing failed

### III.    *Wende* review

Following independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, we find no arguable error that would result in a disposition more favorable to defendant.  (See *People v. Kelly*, *supra*, 40 Cal.4th at p. 124.)

### DISPOSITION

The order is affirmed.

---

to discover mental health and child trauma evidence essential to trial court's exercise of informed discretion under Section 1385."

In an order filed August 23, 2024, we deferred our ruling on defendant's motion pending consideration of the appeal on its merits.  Having rejected his claim of ineffective assistance of counsel, we now deny the motion as moot.